# UNITED STATES DISTRICT COURT
for the
**Eastern District of Kentucky**
Frankfort Division

| | |
|---|---|
| Casey Nolin )<br>    *Plaintiff* )<br>)<br>v. )    Case No.<br>)<br>Enhanced Recovery Co., LLC )<br>    *Defendant* )<br>) | |

## CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This action is brought by Plaintiff on behalf of himself, and all others similarly situated, whose joinder in this action is impracticable due to the number of plaintiffs and the size of their claim.

2. Plaintiff is a consumer seeking damages and declaratory relief for Defendants' violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3. Plaintiff, Casey Nolin, is a natural person who resides in Henry County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant,Enhanced Recovery Co., LLC, ("ERC") is a Delaware Limited Liability Company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 8014 Bayberry Rd., Jacksonville, FL 32256.

5. ERC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and are each "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.       Mr. Nolin entered to an agreement with AT&T Mobility ("Agreement").

7.       The Agreement provided in pertinent part:

> In the event you fail to pay billed charges when due and it becomes necessary for AT&T to refer your account(s) to a third party for collection, AT&T will charge a collection fee at the maximum percentage permitted by applicable law, but not to exceed 18% to cover the internal collection-related costs AT&T has incurred on such account(s) through and including the date on which AT&T refer(s) the account(s) to such third party.

8.       The Agreement subsequently went into arrears.

9.       ERC either bought the Agreement or bought a receivable relating to the Agreement.

10.     Upon information and belief, the Agreement was purchased, either individually or part of large portfolios, at greatly reduced prices, most likely for pennies on the dollar.

11.     On June 21, 2011, ERC sent Mr. Nolin a dunning letter that provides in pertinent part:



(Attached as Exhibit "A").

12.     The dunning letter demanded payment of a principal amount of $847.71 and a collection fee in the amount of $152.59, which is 18% of the principal amount.

13.     Upon information and belief, as of June 21, 2011, ERC had not incurred 18% costs in collecting the AT&T debt.

14.     Upon information and belief, ERC's actual cost of collecting on this account is substantially less than the 18% collection fee demanded in the dunning letter.

15.     Upon information and belief, ERC purchases thousands of similar accounts from AT&T, which it attempts to collect from Kentucky consumers.

16. Upon information and belief, ERC similarly demands payment of a full 18% collection costs in each and every case in which it sends dunning letters to Kentucky consumers.

17. The AT&T Mobility agreements at issue do not authorize ERC to charge an 18% collection fee.

18. ERC's collection practices mislead consumers by creating the false impression that consumers have incurred a collection fee that is due and owing.

19. ERC's collection practices mislead consumers by creating the false impression that the 18% collection fee accurately states costs incurred by the original creditor in connection with collection of accounts.

20. Upon information and belief, ERC's June 21, 2011 dunning letter is an example of a form letter that is substantially similar to hundreds or thousands of letters sent to Kentucky consumers.

21. The dunning letter states in pertinent part:

> This letter is to inform you that the above referenced account has not been paid and has been placed with our company for collection procedures.

Exhibit "A."

22. This letter and the hundreds or thousands of similar dunning letters mislead consumers by creating the false impression that the letters were sent on behalf of the original creditor, whereas in fact, the letters were sent on behalf of ERC, which the sole owner of the accounts.

## CLASS ALLEGATIONS

23. Plaintiff, Casey Nolin, brings this action individually and as a class action on behalf of all persons in the Commonwealth of Kentucky similarly situated.

24. Under the claim for violation of the Fair Debt Collection Practices Act, these persons comprise the following three classes:

> Class A:
>
> All consumers in the Commonwealth of Kentucky to whom ERC sent a collection letter demanding a collection fee for AT&T as the original creditor within one year prior to filing this action and after, and which letter was not returned as undeliverable.

Class B:

All consumers in the Commonwealth of Kentucky to whom ERC sent a collection letter in which ERC claimed to collecting a debt on behalf of AT&T within one year prior to filing this action and after, and which letter was not returned as undeliverable.

Class C:

All consumers in the Commonwealth of Kentucky from whom ERC collected unauthorized collection fees.

25. This action seeks statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2), be awarded for violation of the Act.

26. The class so represented by Plaintiff, Casey Nolin, in this action, and of which he himself is a member, consists of those persons defined above and is so numerous that joinder of individual members is impracticable.

27. Plaintiff's claims are typical of the claims of the class.

28. There are common questions of law and fact in this action that relate to and affect the rights of each member of the class, and the relief sought is common to the entire class.In particular, all class members have the same issue of law in common: whether ERC's dunning letters violate the Fair Debt Collection Practices Act by (a) attempting to collect a debt not permitted by law or authorized by contract, and (b) misleading Kentucky consumers into believing that ERC was demanded by payment of collection fees due and owing to AT&T.

29. There is no known conflict between Plaintiff and any other members of the class with respect to this action, or with respect to the claims for relief herein set forth.

30. Plaintiff is the representative party for the class and is able to, and will, fairly and adequately protect the interest of the class.

31. Plaintiff's attorneys are experienced and capable in the field of consumer rights, including FDCPA violations.

32. Plaintiff's attorneys have successfully represented other claimants in similar litigation.

33. The action is properly maintained as a class action in that the prosecution of separate actions by individual class members creates a risk of individual adjudications that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interest.

34. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create risk of varying individual adjudications, which would establish incompatible standards of conduct for Defendant.

35. This action is properly maintained as a class action inasmuch as the questions of law and fact common to the class members predominate over any questions affecting only individual members; a class action is superior to other methods available for the efficient adjudication of the controversy; the relief sought by all members of the class will be effective and appropriate for the entire class; and all members of the class have a right to damages or other relief that may be readily computed in each case or otherwise readily determined.

36. The identity of each individual member of the class can be ascertained from the books and records maintained by Defendant.

37. Because many of the persons sued and/or sent a dunning letter by ERC may not be aware of their rights, or may not be in a financial position to readily assert their rights, and because relegation of their claims to individual actions would result in an unreasonable multiplicity of suits and a corresponding burden on this and other courts, a class action is far superior to all other methods for a fair and efficient adjudication of this controversy.

## CLAIMS FOR RELIEF

### Violations of the Fair Debt Collection Practices Act

38. Plaintiff incorporates paragraphs 1-37 above as if fully set forth herein.

39. The above-described actions by Enhanced Recovery Co., LLC constitute violations of the Fair Debt Collection Practices Act.

40. Defendant's violations of the FDCPA include, but are not limited to, the following:

(a) ERC violated 15 U.S.C. § 1692e(5) by attempting to collect collection costs as part of a debt without any legal or contractual right to such costs;

(b) ERC violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that is not authorized by agreement or permitted by law, including but not limited to, by claiming that collection costs were part of the amount due on an alleged debt; and

(c) ERC violated 15 U.S.C. § 1692e(2)(A) and (10) by falsely representing the character, amount, and/or legal status of the debt upon which it brought suit against Mr. Nolin and other class members, including but not to limited to (a) falsely representing that Mr. Nolin and other class members that collection costs were due and owing, and (b) by falsely representing that ERC was collecting a debt on behalf of AT&T.

WHEREFORE, Plaintiff requests that the Court grant the following relief in his favor and in favor of the class and against Defendant Enhanced Recovery Co., LLC:

1. The maximum amount of statutory damages provided under 15 U.S.C. §1692k;

2. Attorney's fees, litigation expenses and costs; and

3. Such other and further relief as is appropriate.

Respectfully submitted,

**Kenneth J. Henry**
Henry & Associates, PLLC
331 Townepark Circle, Suite 200
Louisville, KY 40243
502-245-9100
Email: ken@kennethhenrylaw.com

**James H. Lawson**
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
(502) 473-6525
Email: james@kyclc.com